IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDRE EVERETT | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-12-2059 |
| | * | (Related Crim. No. CCB-06-207) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

Pending is petitioner's motion to vacate sentence under 28 U.S.C. § 2255 (ECF No. 147), respondent's response in opposition asserting the motion is untimely (ECF No. 166), and petitioner's motion for judgment on the pleadings (ECF No. 168). For the reasons stated below, the motion to vacate will be dismissed and the motion for judgment will be denied.

Petitioner pled guilty to conspiracy to distribute and possession with intent to distribute cocaine base as prohibited by 21 U.S.C. § 846. On March 25, 2008, petitioner was sentenced to serve 133 months imprisonment after he was determined to be a career offender. *See* U.S.S.G. § 4B1.1. No enhancement was sought by the government pursuant to 21 U.S.C. § 851, despite petitioner's three previous felony drug convictions. No appeal was taken following the guilty plea.

The conviction was final on April 4, 2008, the date the period for filing an appeal expired. *See United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (Michael, J., concurring) ("Because [petitioner] did not file an appeal . . . (he had ten days to do so under Fed. R. App. P. 4(b)), his amended judgment became final [after 10 days].") (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). The limitations period for filing the motion to vacate expired on April 4, 2009; one year after petitioner's conviction became final. The instant motion to vacate

was filed more than four years later. Petitioner asserts the limitations period should not apply to his motion because his claim did not exist until August 17, 2011, and his motion was filed in July 2012. Petition, ECF No. 147, at 11. Specifically, he states that the enhancement of his sentence as a career offender is unlawful by virtue of the holding in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010)[1] which he states was "adopted by the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)." Memorandum, ECF No. 147-1, at 2. Petitioner's reliance on *Simmons*, however, is misplaced.

      The holding in *Simmons* concerned whether a prior conviction for a violation of a particular North Carolina statute qualified as a felony. The appellate court considered whether a conviction for a Class I felony under North Carolina law was an offense "punishable by imprisonment for a term exceeding one year" and thus qualified as a predicate felony conviction for purposes of the sentencing enhancement provision of the Controlled Substances Act (CSA).[2] *Simmons*, 649 F. 3d at 243. Under North Carolina law, a first-time offender could not receive a sentence exceeding eight months community punishment.  "Because the state sentencing court never made the recidivist finding necessary to expose Simmons to a higher sentence . . . the Government cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Id*. (quoting *Carachuri-Rosendo v. Holder*, 130 S. Ct. at 2587 n.12).  Thus, the Fourth Circuit made clear that the North Carolina law, under the circumstances of Simmons's case, did not qualify as a predicate felony conviction for purposes of sentencing enhancement under the CSA. *Simmons*, 649 F.3d at 245.

---

[1] *Carachuri* concerned an immigration case in which the Court held that the courts are forbidden from considering hypothetical aggravating factors, but must instead look to the actual conviction. *Carachuri*, 130 S. Ct. at 2586.
[2] The Act mandates a term of imprisonment of at least five years for first time offenders, but mandates a term of imprisonment of at least ten years if the conduct occurred after a prior conviction for a felony drug offense has become final. *See* 21 U.S.C. § 841(b)(1)(B). A felony drug offense is defined, in part, as a drug-related "offense that is punishable by imprisonment for more than one year under any law . . . of a State." 21 U.S.C. § 802(44).

2

Assuming without deciding that the motion was timely (which it does not appear to be), *Simmons*, in any event, is not applicable to petitioner's claims. The Fourth Circuit's ruling related to a particular aspect of North Carolina law requiring a recidivist finding before a sentence of more than eight months was possible; it did not declare that if the sentence imposed in what would otherwise qualify as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) was less than one year, the conviction would not qualify as a predicate offense. In this case, Everett's Maryland drug convictions were punishable by more than one year in prison, and the fact that he received multi-year sentences which were largely suspended does not qualify him for relief under *Simmons*. Accordingly, the court will dismiss petitioner's motion in a separate order which follows. A certificate of appealability is not warranted and shall be denied. *See* 28 U.S.C. § 2253(c).[3]

 

 November 9, 2012                                                             _____/s/_____
Date                                                                             Catherine C. Blake
                                                                                   United States District Judge

---

[3] Of course, Everett may seek a certificate of appealability from the Fourth Circuit if he chooses to do so.